UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMI B., | |
| Plaintiff, | Case No. C20-5012-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by: (1) failing to properly assess the medical opinion evidence; (2) failing to properly evaluate Plaintiff's subjective complaints; and (3) that new evidence submitted to the Appeals Council since the ALJ's determination supports remand of this matter. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1972, has a GED, and has past relevant work history as a dental assistant. AR at 88-89. Plaintiff was last gainfully employed in December 2016. *Id.* at 78.

ORDER - 1

On March 17, 2017, Plaintiff applied for benefits, alleging disability as of December 30, 2016. AR at 76. Plaintiff's applications were denied initially on July 18, 2017, and on reconsideration on September 25, 2017, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on September 18, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.*

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since December 30, 2016 (20 C.F.R. 404.1571 *et seq.*).

Step two: Plaintiff has the following severe impairments: status-post left leg surgery and adjustment disorder with depression (20 C.F.R. § 404.1520(c)).

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Claimant can perform a restricted light level of work, to wit: Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for four hours in an eight-hour workday; and sit for at least six hours in an eight-hour workday. Additionally, Claimant can perform no climbing of ladders, ropes and scaffolds; occasional climbing of stairs and ramps; occasional crawling, stooping, kneeling, and crouching; occasional use of foot controls with the left lower extremity; and have occasional exposure to vibration and extreme cold temperatures. The claimant can understand, remember, and apply short, simple instructions; perform routine tasks, but not in a fast-paced, production type environment; make simple decisions; occasionally interact with the general public; and have occasional exposure to workplace changes.

Step four: Plaintiff is unable to perform any past relevant work (20 C.F.R. § 404.1565).

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled (20 C.F.R. §§ 404.1569, 404.1569(a)).

AR at 78-90. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. *Id.* at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

After the ALJ's decision, Plaintiff submitted additional medical record evidence concerning her Crohn's Disease to the Appeals Council. AR at 2. This evidence consisted of medical records from: (1) Montesano Internal Medicine Clinic, dated September 2018 through March 2019; (2) Olympia Orthopaedic Associates, dated October 2018; and (3) Gregory Bogdanovich, O.D., dated March 2018 through January 2019. *Id.* On November 8, 2019, the Appeals Council denied Plaintiff's request, finding the additional evidence did not show a reasonable probability that it would change the outcome of the decision. *Id.* at 2, 4.

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

1 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one
2 rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*1.   Yong K. Shin, M.D.*

Plaintiff initially argues the ALJ improperly rejected the opinion of Dr. Yong K. Shin. (Dkt. # 10 at 6-8.) She argues the ALJ erred in relying on the State Agency non-examining medical consultants to reject Dr. Shin's primary treating opinion. (*Id.* at 6.) Plaintiff additionally argues the ALJ erred in discounting Dr. Shin's check-box opinion, finding his opinion was inconsistent with the objective medical record, and determining it was internally inconsistent with his own clinical findings. (*Id.*)

Dr. Shin is Plaintiff's primary care physician. AR at 86. In August 2018, Dr. Shin offered a comprehensive physical function assessment, covering a treatment period from December 2016 to August 2018, which found Plaintiff physically limited since December 2016. *Id.* at 969-71.

Dr. Shin opined Plaintiff was limited in the following ways: (1) she could sit 30 minutes at a time for two hours per day; (2) she could stand/walk 30 minutes at a time for four hours per day; (3) she would require a job that permits shifting positions at will; (4) she would require unscheduled breaks two to four times per day, at a length of 10 to 20 minutes each; and (5) she could lift less than 10 pounds and engage in postural activities occasionally. *Id.* at 969-71. Dr. Shin additionally opined she would need to be off-task 20 percent of the day, absent up to two days per week, and that her legs would not need to be elevated with prolonged periods of sitting. *Id.*

In his decision, the ALJ gave little weight to Dr. Shin's opinion because he determined it was not supported by his own objective examinations of Plaintiff nor consistent with other objective medical evidence in the record. AR at 87. The ALJ specifically noted Plaintiff's gait was normal at most of her visits to Dr. Shin and that Dr. Shin's opinion was inconsistent with her treatment notes from Dr. Ryan Halpin, which demonstrated she exhibited full muscle strength in all her extremities and no motor function difficulties. *Id.* at 87, 876, 914. The ALJ also discounted Dr. Shin's opinion on the basis it was done in a checklist-style form without rationale given for the functional limitations opined. *Id.* at 87.

Here, the ALJ reasonably rejected Dr. Shin's opinion. Plaintiff primarily disputes the weight afforded to Dr. Shin's opinion because the State Agency consultants were afforded significant weight (AR at 87) despite primarily reviewing Dr. Shin's findings as a treating provider (*id.* at 181-85, 188, 197-203, 206, 210). (Dkt. # 10 at 6.) However, the ALJ did not discount Dr. Shin's opinion solely on the basis he credited the State Agency consultants over Dr. Shin. *See* AR at 86. Instead, the ALJ found Dr. Shin's opined limitations were either inconsistent

ORDER - 5

with Dr. Shin's own findings, Dr. Halpin's findings, the medical record, or that Dr. Shin failed to give adequate explanation for the limitations opined. *Id.*

In considering the reasons given by the ALJ, it is clear Dr. Shin's physical examination findings are reasonably inconsistent with the limitations opined and the physical examination findings of Dr. Halpin. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record). While Dr. Shin opined Plaintiff's ability to walk and stand was limited, his physical findings during her appointments routinely demonstrated she had a normal gait during the treatment period. AR at 87, 813, 815, 901, 939-40, 952, 955. Dr. Halpin's examination in June 2017 noted Plaintiff had a mildly antalgic gait, but full muscle strength in all her extremities, normal muscle bulk and tone, full sensation except for dullness over the medial left calf, and normal reflexes. *Id.* at 87, 876. Dr. Halpin's examination in October 2017 additionally noted Plaintiff could walk without difficulty. *Id.* at 87, 914.

Moreover, an ALJ is not required to take medical opinions at face value and may consider the quality of the explanation when determining how much weight to give the opinion. 20 C.F.R. § 404.1527(c)(3); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Though Dr. Shin's opinion indicated Plaintiff's medical record was the basis for his opinion, Dr. Shin failed to provide explicit reasons for each of his opined functional limitations. *See* AR at 969-71. Instead, Dr. Shin's August 2018 opinion noted Plaintiff's limitations solely in checkbox form. *Id.* at 86, 969-71. Consequently, the ALJ did not err in discounting his opinion on this basis. *See Molina*, 674 F.3d at 1111 (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)) ("The ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.").

Because the ALJ provided specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Shin's opinion, the ALJ did not err. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports); *Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

2. *Darren Davidson, M.D.*

Plaintiff next argues the ALJ improperly rejected the opinion of Dr. Darren Davidson. (Dkt. # 10 at 8-10.) She argues the ALJ erred in discounting Dr. Davidson's opinion on the basis he authored his opinion six months after seeing Plaintiff, that he failed to note that her gait began to improve, and in finding his opinion was inconsistent with the overall medical record. (*Id.* at 9.)

Dr. Davidson, Plaintiff's orthopaedic surgeon, issued a physical function assessment opinion in late September 2017. AR at 908-10. Dr. Davidson opined Plaintiff was limited in the following ways: (1) she could sit two hours at a time, up to four hours per day; (2) she could stand/walk 45 minutes at a time, up to two hours per day; (3) she would require a job that permits shifting positions at will; (4) she would require one to two unscheduled breaks per day of 5-10 minutes each; (5) she would need to elevate her legs to hip level with prolonged sitting; (6) she could lift 20 pounds occasionally and 10 pounds frequently; (7) she would require minor postural limitations and no handling limitations; and (8) she would need to be off-task 20 percent of the day and absent 2 days per month. *Id.*

The ALJ rejected Dr. Davidson's limitations, noting Plaintiff had not treated with Dr. Davidson since April 2017, which was nearly six months prior to offering his opinion. AR at 86. At Plaintiff's last visit, the ALJ noted that Dr. Davidson found that her leg was symmetric in size

1 to her right leg, which was indicative of a lack of swelling, and that she did not have a central

2 cause to the pain in her lower extremity. *Id.* The ALJ determined Dr. Davidson's opinions were

3 also inconsistent with the medical record, specifically Dr. Halpin's treatment notes. *Id.*

4       The ALJ reasonably discounted Dr. Davidson's opined limitations because of the length

5 of time between his examination of Plaintiff in April 2017, and the issuance of his opinion in late

6 September of that year, and due to its inconsistency with the medical record. An ALJ properly

7 considers the length of the treatment relationship, and the frequency of examination when

8 evaluating a medical source's opinion. 20 C.F.R. §§ 404.1527(c)(2)(i), 404.1527(c)(6). The ALJ

9 could reasonably conclude Dr. Davidson's findings were at odds with Plaintiff's presentation at

10 her other examinations in the record during the period between Dr. Davidson's examination and

11 his opinion. *See id.* at 85, 87, 813, 815, 876, 901, 914, 952, 955. Furthermore, as previously

12 discussed regarding Dr. Shin's similar opined physical limitations, the ALJ reasonably

13 concluded Dr. Davidson's opinion was inconsistent with Dr. Halpin's treatment notes. *See id.* at

14 87, 876, 914. Therefore, the ALJ provided specific and legitimate reasons for discounting Dr.

15 Davidson's opinion. *See Morgan*, 169 F.3d at 603; *Bayliss*, 427 F.3d at 1216.

16       *3.     Alexander Patterson, Psy.D.*

17       Finally, Plaintiff argues the ALJ improperly rejected the opinion of Dr. Alexander

18 Patterson. (Dkt. # 10 at 10-14.) She argues the ALJ erred in finding his opinion was internally

19 inconsistent with the treatment notes cited or with Plaintiff's record of mental health treatment.

20 (*Id.* at 12.) Plaintiff specifically argues the ALJ's interpretation of Plaintiff's treatment notes

ORDER - 8

from Dr. Shin and Dr. Halpin failed to undermine Dr. Patterson's opinion, but instead, validated Plaintiff's pain claims.[3] (*Id.* at 14.)

Plaintiff underwent a psychological consultative examination with Dr. Patterson in July 2017. AR at 85, 879-94. At that examination, Plaintiff reported feeling hopeless, that she was easily irritable, and that she had difficulty concentrating. *Id.* at 85, 879. Dr. Patterson noted Plaintiff sobbed uncontrollably during her examination and was in a great deal of emotional distress. *Id.* at 85, 879, 881. Based on her mental status examination, Dr. Patterson diagnosed Plaintiff with an adjustment disorder with depressed mood (severe). *Id.* at 85, 882.

Dr. Patterson opined Plaintiff would have difficulty performing detailed and complex tasks, but would not have difficulty performing work activities, maintaining regular attendance, and that she would not have difficulties accepting instructions from supervisors. AR at 87, 883. Dr. Patterson opined Plaintiff would have difficulty completing a normal workday without mental health interruptions and found it "difficult to imagine [Plaintiff] interacting with people on a day-to-day basis." *Id.* Dr. Patterson concluded Plaintiff was highly impaired, her depression was unlikely to remit without corresponding improvement in her health, and that she was susceptible to decompensating under normal stress. *Id.* at 883.

The ALJ assessed no weight to Dr. Patterson's opinion. AR at 87-88. The ALJ determined Dr. Patterson's opinion was inconsistent with Plaintiff's other mental status examination findings in the record, which demonstrated she had intact memory and concentration, improved mood, and reduced irritability with medication. *Id.* at 88. The ALJ

---

[3] As previously considered above, Plaintiff's challenge to the ALJ's assessment of the treatment note evidence concerning Dr. Shin and Dr. Halpin merely seeks an alternative interpretation of the record. (Dkt. # 10 at 13-14.) Plaintiff's challenge regarding Dr. Patterson's observations of Plaintiff's pain and mental impairments melding, and how those observations were corroborated by Dr. Shin and Dr. Halpin's treatment notes, largely reiterates the same challenge. (*Id.*) Therefore, the ALJ's interpretation is entitled deference. *Molina*, 674 F.3d at 1111.

ORDER - 9

additionally discounted Dr. Patterson's opinion because of Plaintiff's lack of treatment from a mental health specialist. *Id.* at 88.

The ALJ reasonably discounted Dr. Patterson's opinion because of the noted conflict with the other objective medical evidence in the record concerning Plaintiff's mental status. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes). Dr. Shin and Dr. Halpin both noted Plaintiff displayed normal mood and affect during her examinations. AR at 85, 876, 914; *see id.* at 812. Plaintiff routinely conveyed her medications helped her depression symptoms. *Id.* at 85, 144-45, 817, 820, 880, 940, 946, 948. She was described as "pleasant" and "cooperative" and displayed normal memory and attention during other examinations. *Id.* at 85, 876, 914; *see id.* at 457, 475. Therefore, the ALJ provided specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Patterson's opinion because of inconsistency with the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions).

Plaintiff has additionally failed to demonstrate the ALJ erred in considering her lack of treatment from a mental health specialist. As previously noted, an ALJ properly considers the frequency of examination when evaluating a medical source's opinion. 20 C.F.R. §§ 404.1527(c)(2)(i), 404.1527(c)(6); *see, e.g.*, *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (holding that in assessing medical opinions an ALJ may properly consider the level or frequency of treatment for allegedly disabling conditions over the course of a claimant's history of medical care); *Evans v. Berryhill*, 759 Fed. App'x. 606, 608

ORDER - 10

(9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition"). Because the record demonstrates Plaintiff sought minimal mental health treatment—primarily consulting through Dr. Shin for her adjustment disorder (AR at 85)—and Plaintiff concedes she did not have regular mental health visits with a specialist (dkt. # 10 at 14) despite the severity of Dr. Patterson's opined limitations, Plaintiff's lack of mental health treatment was a specific and legitimate reason to discount Dr. Patterson's opinion.

Because the ALJ provided several specific and legitimate reasons, supported by substantial evidence, to discount the above-referenced medical opinions, the Court affirms the ALJ's assessment of the medical opinion evidence.

**B.     The ALJ Did Not Err in Evaluating Plaintiff's Subjective Complaints**

Plaintiff next contends the ALJ failed to properly evaluate her subjective complaints. (Dkt. # 10 at 16-17.) She argues her subjective complaints concerning her condition were established in the treatment record by Dr. Shin, Dr. Davidson, and Dr. Patterson (AR at 817, 879, 880, 901, 912-13, 970) and all three doctors found her to be a credible witness (AR at 894, 910, 971). (*Id.*)

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is unsupported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. § 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether the claimant's medically determinable impairments reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an

underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence showing the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

At the hearing, Plaintiff testified: (1) she had a general pain level of "seven" with her medications; (2) she felt like she was unable to get out of bed or socialize; (3) she was unable to complete household tasks; and (4) she dealt with several side effects from her medications, including drowsiness and fogginess. AR at 140-41, 144, 150-52, 157. She also testified she went days without sleeping due to her pain. *Id.* at 157-58.

In his decision, the ALJ determined Plaintiff's subjective reports of symptom intensity, persistence, and limiting effects did not support her allegations of disabling limitations. AR at 86. The ALJ rejected Plaintiff's subjective claims because he found: (1) the record demonstrated she remained cancer-free, did not need further surgery, and she reported improvement in her depression with her medications; (2) despite Plaintiff claiming she spent "80% of her day" in a recliner with her legs elevated, Dr. Shin opined she did not need to elevate her legs with prolonged sitting; and (3) Plaintiff independently engaged in activities such as personal hygiene, grocery shopping, and managing her household finances despite her reports of difficulty concentrating and interacting with others. *Id.* The ALJ additionally noted Plaintiff held herself out as employable by applying for unemployment benefits, which was inconsistent with her

allegations of being unable to work full-time and indicative her symptoms were not as severe as her allegations indicated. *Id.*

The ALJ's reference to Plaintiff obtaining unemployment benefits was not a clear and convincing reason for rejecting her testimony. The record demonstrates Plaintiff received unemployment benefits in late 2016 and early 2017, but her alleged onset date was December 31, 2016. AR at 282-84, 293-94. As such, there was little to no overlap in her receipt of unemployment benefits with Plaintiff's onset date. *Id.* The Commissioner additionally concedes this reason was insufficient. (Dkt. # 11 at 7.) Furthermore, the ALJ's reference to Plaintiff's daily activities was not a clear and convincing reason to undermine her subjective complaints. *Cf. Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity). Plaintiff's ability to personally care for her hygiene, manage her finances, and make trips to the grocery store does not reasonably relate to her ability to concentrate or to socially function in a work environment.

Nevertheless, substantial evidence in the record supports the ALJ's discounting of Plaintiff's subjective complaints. Medical records showing improvement with treatment provide a clear and convincing reason to reject claims of lack of improvement. *Morgan*, 169 F.3d at 599. Contrary to Plaintiff's complaints of active symptoms, the ALJ reasonably concluded her symptoms from her seroma, back pain, and depression improved with treatment. AR at 86. In February 2017, an orthopaedic specialist concluded Plaintiff did not need additional treatment for her seroma and she instead required treatment for her back. AR at 84, 427-28. Plaintiff was then referred to Seattle Cancer Care Alliance Pain Clinic where she was advised to continue physical therapy and her medications. *Id.* at 84-85, 747. Beginning in March 2017, the record

demonstrates improvement with Plaintiff's right leg and gait. *Id.* at 85; *compare id.* at 813, 815, 901, 914, 939-40, 952, 955, *with id.* at 876, 972, 989, 994. As previously noted, Plaintiff's depression symptoms also responded well to medication. *See id.* at 85, 144-45, 817, 820, 880, 940, 946, 948. Therefore, the ALJ reasonably interpreted the record as demonstrating treatment relieved Plaintiff's symptoms. *See Thomas*, 278 F.3d at 954 (when evidence is susceptible to more than one rational interpretation, the Commissioner's must be upheld).

The ALJ reasonably discounted Plaintiff's testimony that she spent "80% of her day" in a recliner with her legs elevated because the degree of limitation asserted by her was inconsistent with the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."). Although a lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his credibility analysis. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, Dr. Shin's opinion determined Plaintiff would not need to elevate her legs to hip level with prolonged sitting. AR at 86, 908-10. Given that Plaintiff's testimony was not consistent with this aspect of the medical record, the ALJ reasonably discounted this portion of her subjective complaints. *See Carmickle*, 533 F.3d at1161; *Burch*, 400 F.3d at 681.

Any errors in assessing Plaintiff's testimony is harmless in light of the ALJ's valid reasons to discount her testimony. *See Carmickle*, 533 F.3d at 1162-63. Given the evidence in the record, the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony. *See Burrell*, 775 F.3d at 1136-37; *Molina*, 674 F.3d at 1112.

ORDER - 14

### C. The New Appeals Council Medical Evidence Does Not Require Remand

Finally, Plaintiff argues the Court should consider new medical evidence submitted to the Appeals Council, pursuant to *Brewes v. Comm. of Soc. Sec. Admin*, 682 F.3d 1157 (9th Cir. 2012), concerning her Crohn's Disease. (Dkt. # 10 at 15-16.) She argues the new evidence demonstrates her Crohn's Disease affected her functioning, was not well-treated, caused her lower-back pain and gastrointestinal symptoms, and supports Dr. Shin's assessment that she would have difficulties sustaining work due to her pain. (*Id.* at 16.)

The ALJ considered Plaintiff's Crohn's Disease at step two. AR at 78-79. The ALJ determined Plaintiff's Crohn's Disease was non-severe because there was no history of active symptomology and her condition was being controlled with medication. *Id.* Consequently, the ALJ found Plaintiff's Crohn's Disease did not result in any continuous exertional or non-exertional functional limitations. *Id.*

The new medical evidence provided to the Appeals Council contained additional longitudinal record findings for Plaintiff's Crohn's Disease. AR at 15-16, 23-31, 40-44. In early 2019, Dr. Shin noted Plaintiff had a history of Crohn's disease "but has not had much symptoms." *Id.* at 43. Plaintiff reported the stomach pain she did have generally improved with bowel movements and medications. *Id.* at 23, 25. In October 2019, approximately one year after the ALJ rendered his decision, Dr. Shin noted Plaintiff suffered from worsening abdominal pain due to constipation, which stemmed from an acute flare-up of her Crohn's Disease. *Id.* at 29. Dr. Shin concluded Plaintiff had "significant disability from her Crohn's." *Id.* at 24. The Appeals Council determined the additional evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision. *Id.* at 2, 4.

ORDER - 15

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes*, 682 F.3d at 1163. This Court must, in other words, "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record—including any new evidence in the administrative record that the Appeals Council considered—not just the evidence before the ALJ." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

The Court has reviewed the evidence submitted to the Appeals Council as part of the administrative record and finds it merely elaborates on the worsening of Plaintiff's Crohn's Disease symptoms, which were previously disclosed to the ALJ and considered at step two. AR 78-79. The record before the ALJ from Dr. Shin's treatment notes documented Plaintiff's Crohn's disease was well-managed at that time and without complications. *Id.* at 812, 824, 901, 921, 930, 933, 939. In one of the last treatment notes before her hearing, Dr. Shin opined Plaintiff's Crohn's disease might be causing her back pain and he referred her for a gastroenterology consultation. *Id.* at 921. Plaintiff's gastroenterology consultation did not reveal any evidence of "inflammation or abnormalities" *Id.* at 978. Upon return to Dr. Shin, Plaintiff continued to deny abdominal pain. *Id.* at 990. Dr. Shin did not reference Plaintiff's Crohn's Disease in his August 2018 opinion. *See id.* at 969-71.

The new medical evidence demonstrates Plaintiff suffered from worsening abdominal pain because of an acute flare-up of her Crohn's Disease. AR at 29. However, impairments that can be controlled effectively with treatment are not disabling. *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff reported relief of her upper abdominal pain with bowel movements and Dr. Shin's treatment notes indicate he was in the

ORDER - 16

process of considering immunosuppressive treatments for the lower abdominal discomfort Plaintiff still had. AR at 23-24. Dr. Shin also noted Plaintiff's inflammation was responding well to a prescribed steroid. *Id.* at 27. While the new medical evidence provides more detail regarding Plaintiff's Crohn's Disease symptoms after a flare, the evidence does not show a reasonable probability that it would change the outcome of the ALJ's previous analysis of Plaintiff's functional limitations, due to her Crohn's Disease, during the relevant period. *See Gardner*, 856 F.3d at 656; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Accordingly, because substantial evidence in the record supports the ALJ's nondisability determination, the ALJ's decision should be affirmed.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED, and this case is DISMISSED with prejudice.

Dated this 1st day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 17